JOSEPH K. HANDY *vs.* ELIOT SAVINGS BANK.

Suffolk.    November 8, 1940. — November 26, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Contract,* Consideration.

No action could be maintained for breach of a promise, made by the grantor of real estate to the grantee who agreed to pay the tax for the current year, that he would send to the grantee the bill for that tax when received, where there was no evidence that such promise was any part of the consideration for the purchase or was otherwise supported by a consideration.

An action for alleged breach of a promise by a mortgagee of real estate to delay foreclosure proceedings so that the mortgagor might have an opportunity to obtain an abatement of a tax, failure to pay which was a breach of the mortgage, could not be maintained because no consideration for the promise was shown.

CONTRACT. Writ in the Superior Court dated May 5, 1937.

Before *Beaudreau*, J., verdicts were recorded with leave reserved in the sum of $40 on the first count of the declaration, and of $500 on the second count.

*C. W. Lavers*, for the plaintiff.

*J. S. Ballantyne*, for the defendant.

DOLAN, J. This is an action of contract in two counts, in which the plaintiff seeks to recover damages for alleged breaches of alleged agreements by the defendant to send a tax bill for the 1935 taxes on certain real estate, purchased by the plaintiff from the defendant in 1935; and of an agreement alleged to have been made by the defendant in 1937 to refrain from foreclosing the mortgage, given by the plaintiff to the defendant as part of the purchase price of the real estate involved, until the plaintiff had an opportunity to adjust the costs and interest due the city of Boston in connection with the taxes for 1935. The jury returned a verdict for the plaintiff on each count but under leave reserved, upon motion of the defendant, the judge ordered that a verdict be entered for the defendant on each count. The plaintiff duly excepted.

The evidence tended to show the following facts. The plaintiff purchased the real estate involved from the defendant on May 20, 1935, and gave a mortgage back in part payment of the purchase price. At that time the defendant had not received the bill for the taxes for the year 1935, which the mortgage deed provided were to be paid by the plaintiff. The defendant was represented by counsel when the papers were passed. At the request of the plaintiff he promised that the tax bill for 1935 would be sent to the plaintiff when received by the defendant. A similar promise was made later by a clerk employed by the defendant. The plaintiff did not pay the 1935 tax bill, and made no inquiry

about it when he paid the taxes "for 1936." The tax bill
for 1935 was not sent to the plaintiff and "the first he heard
about it afterwards was when he received a letter dated
March 18, 1937" requesting him to "come to the defend-
ant's office" because the 1935 taxes had not been paid; the
plaintiff then conferred with his counsel, but so far as appears
did nothing more about the matter until after April 3, 1937,
when he received a letter from the defendant's counsel
stating that if the taxes for 1935 were not paid on or before
April 13, 1937, foreclosure proceedings would be begun. On
April 4, 1937, the plaintiff conferred with the defendant's
counsel, who stated that he would give the plaintiff an oppor-
tunity to see what he could do about obtaining an abatement
of the costs and interest due on the taxes to the city. There-
after the plaintiff was continually "in conference with . . .
[his counsel] and the assessors." On April 28, 1937, the
plaintiff received a letter from the defendant's counsel con-
taining a copy of a foreclosure advertisement which was
published in the Dorchester Beacon. This notice appeared
in two issues of that newspaper before it was withdrawn by
the defendant upon the payment by the plaintiff of the 1935
taxes, and costs and interest thereon, and costs of the fore-
closure proceedings.

It is unnecessary to consider questions concerning the
authority of the defendant's counsel or employees to make
the promises upon which the plaintiff relies, since it is not
shown that any of them was supported by consideration.
There is nothing to show that, when the papers by which the
defendant conveyed the premises involved to the plaintiff
and the plaintiff gave the mortgage back were passed, the
promise of the defendant's counsel, that the tax bill for 1935
would be sent to the plaintiff when received by the defend-
ant, was any part of the consideration for the purchase of
the real estate by the plaintiff or a condition thereof. Clearly
the subsequent promise of the defendant's employee cannot
be said to be other than gratuitous. The record does not
disclose that the promise of the defendant's counsel, to re-
frain from foreclosing the mortgage until the plaintiff had
an opportunity to secure an abatement of the costs and

interest due the city on the 1935 tax, was other than one of indulgence which created no liability on the part of the defendant.

*Exceptions overruled.*